UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RANDY BETZ, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>v.<br><br>FINANCIAL RECOVERIES, INC. d/b/a OSHKOSH COLLECTION & RECOVERY,<br><br>        Defendant. | Case No.: 18-cv-14<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Randy Betz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him debts allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, § 421.301(17), Wis. Stats., in that he allegedly engaged in a transaction for personal, family, or household purposes, namely medical services, where there was an agreement to defer payment.

6. Defendant Financial Recoveries, Inc. ("Defendant" or "FRI") is a domestic business corporation with its principal offices located at 913 Oregon Street, Oshkosh, Wisconsin 54902-6454. Its registered agent for service of process is Kenneth J. Klewicki, 913 Oregon, P.O. Box 160, Oshkosh, Wisconsin 54903-0160.

7. Defendant does business under the fictitious or trade name "Oshkosh Collection & Recovery."

8. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Defendant is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. Defendant is licensed as a "Collection Agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

11. Defendant is a debt collector as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

**FACTS**

12. On or about November 3, 2017, Defendant mailed a debt collection letter to Plaintiff, attempting to collect an alleged debt, allegedly owed to "HORIZON HEALTHCARE INC" ("Horizon"). A copy of this letter is attached to this Complaint as Exhibit A.

13. Upon information and belief, Exhibit A is a form debt collection letter, generated by computer, with the information specific to the recipient inserted by computer.

2

14.     The alleged debt that Defendant was attempting to collect was allegedly incurred for medical services.

15.     Upon information and belief, with respect to the medical debt listed in Exhibit A, neither Plaintiff, nor anyone else, was required to pay for the medical services at the time services were rendered.  Upon information and belief, the provider, or a billing agency, mailed a bill several days or weeks after the dates of service.  Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14-cv-5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'").

16.     Exhibit A contains the following:

```
                        FOR WISCONSIN RESIDENTS
This Collection Agency is licensed by the Division of Banking, in the Wisconsin Department of Financial Institutions,
www.wdfi.org.
```

17.     Exhibit A also contains the following:

```
RANDY L BETZ                                            11/03/2017
3860 E HOLMES AVE
CUDAHY WI   53110-1721




To the responsible party (which  may  be  one or both of the
above addressees) for the following accounts:
```

18.     The statement in Exhibit A that the letter is being mailed "to the responsible party (which may be one or both of the above addressees) for the following accounts" is false, deceptive, misleading, and confusing to the unsophisticated consumer.

19.     Exhibit A contains only one addressee.

20.     Other than Plaintiff's address, the only other address on Exhibit A is Defendant's.

3

21.     Exhibit A represents to the unsophisticated consumer that another person may be responsible for the alleged debt but leaves the identity of that person undisclosed.

22.     Exhibit A confuses the unsophisticated consumer as to whether he is actually responsible for the debt, and if so, whether he may be able to seek indemnification from another person.

23.     Exhibit A also contains the following:

```
CREDITOR NAME                                    ACCOUNT NUMBER         BALANCE
----------------------------------------------   --------------    ------------
HORIZON HEALTHCARE INC                           ███████A000             $209.81
```

24.     Exhibit A does not identify the name of the person to whom medical services were provided.

25.     Plaintiff does not recall engaging in any transactions with Horizon for medical services for himself or for any of his minor children.

26.     Plaintiff has joint custody for one minor child and was confused as to whether the medical services may have been provided pursuant to an agreement between the provider and the child's mother.

27.     As Exhibit A both fails to identify the patient and indicates that he may be the "responsible party" rather than the patient, it is not possible for Plaintiff to determine whether he owes the debt identified in Exhibit A.

28.     Assuming Exhibit A seeks to collect a medical debt incurred on behalf of Plaintiff's minor child, Plaintiff was confused as to whether the reference in Exhibit A to "both of the above addressees" referred to the child's mother, and whether she received the same letter.

29.     Plaintiff was confused as to whether he was responsible for the debt stated in Exhibit A and whether it was legitimate at all.

4

30. The unsophisticated consumer would be confused as to whether he was actually responsible for the debt stated in Exhibit A.

31. The sole purpose of sending Exhibit A to Plaintiff is to unduly harass Plaintiff into paying the alleged debt, potentially before paying other debts. *See* 15 U.S.C. § 1692(e) (it is part of the purpose of the FDCPA "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged").

32. The unsophisticated consumer, overwhelmed with confusion, would be pressured into paying a debt for which there was no evidence as to his liability. *See Muha v. Encore Receivable Mgmt.*, 558 F.3d 623, 629 (7th Cir. 2009) ("Confusing language in a dunning letter can have an intimidating effect by making the recipient feel that he is in over his head and had better pay up rather than question the demand for payment.").

33. Plaintiff was deceived, misled, and confused by Exhibit A.

### *The FDCPA*

34. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for

5

purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

35. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection

6

practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

36. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

38. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

39. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

40. 15 U.S.C. § 1692f generally prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692f(1) specifically prohibits: "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

*The WCA*

42. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

43. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

44. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

45. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

46. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

47. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

8

48. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

49. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

50. The policies and procedures of licensed collection agencies are governed, in part, by Wis. Admin. Code Ch. DFI-Bkg 74 ("Collection Agencies").

51. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

52. Wis. Stat. § 427.104(1)(g) specifically prohibits a debt collector from: "Communicat[ing] with the customer or a person related to the customer . . . in such a manner as can reasonably be expected to threaten or harass the customer."

53. Wis. Stat. § 427.104(1)(h) specifically prohibits a debt collector from: "Engag[ing] in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer."

9

54. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

## COUNT I -- FDCPA

55. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

56. Defendant attempted to collect an alleged debt that Plaintiff had not personally incurred.

57. Defendant attempted to collect an alleged debt from Plaintiff, stating that Plaintiff is a "responsible party," without identifying the patient or other allegedly "responsible parties."

58. <u>Exhibit A</u> contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether he is responsible for the debt.

59. <u>Exhibit A</u> contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether another person is responsible for the debt.

60. <u>Exhibit A</u> contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether the debt may be reported on his credit report.

61. <u>Exhibit A</u> is so confusing that it would have an intimidating effect on the unsophisticated consumer, who would "feel that he is in over his head and had better pay up rather than question the demand for payment." *Muha*, 558 F.3d at 629.

62. Defendant violated 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT II – WCA

63. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

64. Defendant attempted to collect alleged debts that Plaintiff had not personally incurred.

65. Defendant attempted to collect an alleged debt from Plaintiff, stating that Plaintiff is a "responsible party," without identifying the patient or other allegedly "responsible parties."

66. Exhibit A contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether he is responsible for the debt.

67. Exhibit A contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether another person is responsible for the debt.

68. Exhibit A contains false, deceptive, misleading, and confusing statements that would confuse the unsophisticated as to whether the debt may be reported on his credit report.

69. Exhibit A is so confusing that it would have an intimidating effect on the unsophisticated consumer, who would "feel that he is in over his head and had better pay up rather than question the demand for payment." *Muha*, 558 F.3d at 629.

70. Defendant, a licensed debt collection agency, violated the FDCPA.

71. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

72. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant, (c) seeking to collect a debt, (d) which letter was addressed to one addressee (e) but stated that the "responsible

party . . . may be one or both of the above addressees" (f) between January 4, 2017 and January 4, 2018, inclusive, (h) that was not returned by the postal service.

73. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

74. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether <u>Exhibit A</u> violates the FDCPA and the WCA.

75. Plaintiff's claims are typical of the claims of the members of the Class. All are based on the same factual and legal theories.

76. Plaintiff will fairly and adequately represent the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

77. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

78. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: January 4, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com